PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUSAN MOSLEY, | CASE NO. 1:09-CV-1178 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE BENITA Y. PEARSON |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **MEMORANDUM OF OPINION AND ORDER** |

Plaintiff Susan Mosley ("Mosley") sought judicial review of the Social Security Administration's ("Agency" or "Commissioner") final decision denying her applications for Social Security Income and Disability Insurance Benefits pursuant to 42 U.S.C. § 405(g).[1]

After reviewing the administrative record and the applicable legal standards, the Court finds that the Administrative Law Judge's ("ALJ") decision, as written, is not based upon proper legal standards or supported by substantial evidence. Accordingly, the matter should be remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) to permit the Agency to fully articulate the reasons for its decision and for further consideration of Mosley's claims in a manner consistent with this opinion.

---

[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge. ECF No. 20.

(1:09-CV-1178)

## I. Overview

Mosley was forty-two years-old as of March 25, 2005, her alleged disability onset date, and qualified as a "younger person."  *See* 20 C.F.R. § 404.1563(c).[2]  Mosley is a high school graduate with past work experience that includes work as a decor sales associate, cashier and a pre-school teacher.  (Tr. 18, 57 & 65.)

The ALJ determined that although Mosley suffers from the following severe impairments: "back and right leg pain (20 CFR 404.1520(c) and 416.920(c))," she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 202.1520(d), 202.1525, 404.1526, 416.920(d), 416.925 and 416.9260."  (Tr. 14.)  The ALJ also found that Mosley has the residual functional capacity ("RFC")

> to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).  She has a limited ability to stand and walk at least 2 hours, each in an 8-hour workday, due to back and right leg pain.  [Mosley] can occasionally climb, balance, stoop, kneel, crouch and crawl.

(Tr. 15.)  Ultimately, the ALJ determined that Mosley "is not disabled under section 1614(a)(3)(A) of the Social Security Act."  (Tr. 20.)

## II. Procedural History

Plaintiff Susan Mosley filed applications for Disability Insurance Benefits and

---

[2] The regulations governing both the Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") programs are virtually identical.  Therefore, except where otherwise necessary, the Court will refer only to the DIB regulations found at 20 C.F.R. § 404.1500-404.1599.  The last two digits of the DIB regulation mirror the last two digits of the corresponding SSI regulation (*e.g.*, 20 C.R.F.§ 404.1503 corresponds with 20 C.R.F.§ 416.903).

(1:09-CV-1178)

Supplemental Security Income (collectively "benefits") on November 16, 2005, alleging a disability onset date of March 25, 2005. (Tr. 12 & 41.) The Agency denied Mosley's claim initially and upon reconsideration. (Tr. 21 & 22.) As a result, Mosley filed a request for an administrative hearing before an ALJ that was held on February 5, 2008, with Mosley and her counsel. (Tr. 583.) After the ALJ issued his decision denying benefits on March 27, 2008, Mosley requested administrative review of the hearing decision. (Tr. 12-20; 7-8.) The Appeals Council denied his request for review making the ALJ's decision the final decision of the Agency. (Tr.2-4.) Seeking judicial review of the Agency's final decision, Mosley timely filed a Complaint with this Court presenting the following issues:

> I. Whether the ALJ erred in his determination of Ms. Mosley's residual functional capacity
>
> II. Whether the ALJ erred in failing to find additional severe impairments
>
> III. Whether the ALJ erred in failing to find Ms. Mosley disabled by pain

ECF Nos. 1 & 14 at 3.

### III. Judicial Review of a Final Agency Decision

Judicial review of the ALJ's decision denying disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the ALJ properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Under 42 U.S.C. § 405(g), the findings of the

(1:09-CV-1178)

ALJ are conclusive if supported by substantial evidence.

The substantial evidence standard presupposes that there is a "zone of choice" within which the Agency may proceed without interference from the courts. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*quoting Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)). The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the reviewing court would have decided the matter differently, and even if substantial evidence also supports a different conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen*, 800 F.2d at 545. "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

In determining the existence of substantial evidence, the reviewing court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001). The district court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen, 800 F.2d at 545*. The reviewing court, however, may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard*, 889 F.2d at 681; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### IV.  Standard for Establishing Disability

To establish disability under the Act, a claimant must show that she is unable to engage in substantial gainful activity due to the existence of "a medically determinable physical or mental

(1:09-CV-1178)

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

      To determine whether a claimant is disabled, Agency regulations prescribe a five-step sequential evaluation. If a claimant can be found disabled or not disabled at any step of the sequential evaluation, the review ends. 20 C.F.R. § 404.1520(a). At Step One, the ALJ considers the claimant's work activity. A claimant is not disabled if engaged in substantial gainful activity, *i.e.*, working for profit. At Step Two, the ALJ considers the medical severity of the claimant's impairments. A claimant is not disabled if she does not have a severe medically determinable physical or mental impairment that also meets the duration requirement in 20 C.F.R. § 404.1509, or a combination of impairments that are severe and meet the duration requirement. At Step Three, the ALJ determines whether the claimant's impairment(s) meets or equals one of the criteria of an impairment listed in Appendix 1, and also meets the duration requirement. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1. A claimant is disabled if she has an impairment that meets the listing and the duration requirement.

      Before considering the fourth step, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), *i.e.*, the claimant's ability to perform physical and mental work on a sustained basis despite limitations from impairments. At Step Four, the ALJ considers whether the claimant's RFC permits her to perform past relevant work. The claimant bears the burden of

(1:09-CV-1178)

proof at steps one through four. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). At Step Five, however, the burden shifts to the Commissioner to identify "a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

At the final step, Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant may work. Even if the claimant's impairment does prevent her from doing her past relevant work, the claimant is not disabled if other work exists in the national economy that she can perform. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (describing the five-step evaluation).

The claimant bears the ultimate burden of proof regarding the issue of disability. *See* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled."); *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984) ("A social security disability claimant bears the ultimate burden of proof on the issue of disability."). The burden of proof regarding the establishment of disability onset date also lies with the claimant. *McClanahan v. Comm'r of Soc. Security*, 474 F.3d 830, 836 (6th Cir. 2006).

At Step Five of the sequential evaluation, the burden shifts to the Agency, which must then produce evidence of available work that the claimant can perform. *See* 20 C.F.R. § 404.1512(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("the Secretary bears the burden of proof at step five, which determines whether the claimant is able to perform work available in the

(1:09-CV-1178)

national economy").

## V. Analysis

### A. The ALJ Erred in his Residual Functional Capacity Determination

Mosley claims that the ALJ violated the treating physician rule by not adhering to the Agency's own regulations that require an ALJ to provide "good reasons" for not giving controlling weight to a treating source's opinion. Specifically, Mosley argues that the ALJ's "decision purports to give 'great weight' to the opinion of Dr. Breitenbach," (the treating physician), but did not "or, in the alternative, ignored substantial limitations found in [Dr. Breitenbach's] report" that ultimately result in a flawed RFC. ECF No. 14 at 5. Mosley seeks a finding of disability or remand for the consideration of Dr. Breitenbach's entire report and for vocational expert testimony. ECF No. 14 at 6. Mosley's proposed alternative resolution is well taken. Remand is necessary to cure the frailties of the ALJ's decision.

#### 1. The Residual Functional Capacity Assessment

An ALJ's residual functional capacity assessment should be based upon "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). As outlined above, sequentially, the residual functional capacity determination occurs just before the ALJ determines whether the claimant can perform his past work (Step Four), and whether there are other jobs in the national economy that the claimant can perform (Step Five). A claimant's residual functional capacity is an indication of that individual's work-related abilities despite his limitations. *See* 20 C.F.R. § 404.1545(a)(1). A claimant's residual functional capacity is not a medical opinion, but rather an administrative determination reserved to the Commissioner. *See* 20 C.F.R.§

(1:09-CV-1178)

404.1527(e)(2). As such, the ALJ bears the responsibility for assessing a claimant's residual functional capacity based on all of the relevant evidence. *See* 20 C.F.R. § 404.1545(a)(3).

### 2. The Treating Physician Rule

It is axiomatic in Social Security law that the opinions of doctors identified as treating physicians are given greater weight than that attributed to other medical care providers. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980); *see also* SSR 96-2p; 20 C.F.R. § 404.1527(d)(2). Treating physicians' opinions are entitled to controlling weight under the treating physician rule as long as they are (1) well supported by medically acceptable data and (2) not inconsistent with other substantial evidence of record. *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); 20 C.F.R. § 404.1527(d)(1); SSR 96-2p. If the ALJ does not give the treating physician's opinion controlling weight, then the ALJ must consider several other factors in determining how much weight is appropriate. Those factors include: (1) the length, frequency, nature, and extent of the treatment relationship; (2) consistency of the physician's conclusions and the evidence to support them; and (3) the specialization of the treating physician. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). The rule also creates "a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Id.* (*citing* SSR 96-2p).

An additional procedural requirement of the treating physician rule is that the ALJ, in discounting a treating physician's opinion, must provide "good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating

(1:09-CV-1178)

source's medical opinion and the reasons for that weight." SSR 96-2p; *see also* Wilson, 378 F.3d at 544. This notice requirement is significant because it ensures that a claimant who has been denied benefits receives fair process. An ALJ's failure to follow this requirement of providing good reasons "for explaining precisely how those reasons affected the weight accorded the [physician's] opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Rogers, 486 F.3d at 243 (*citing* Wilson, 378 F.3d at 544). The Court evaluates the ALJ's conclusions regarding Mosley's treating physician's opinion against these standards.

### 3. The ALJ Improperly Applied the Treating Physician's Opinion

Neither party disputes that Dr. Breitenbach is a treating physician. The dispute centers on Dr. Breitenbach's April 2007 assessment form.[3] (Tr. 111-12.) Dr. Breitenbach describes Mosley's limitations in the April 2007 assessment form as follows:

- Limited to lifting/carrying 10 pounds

- Can stand/walk for a total of 2-3 hours and up to one-half hour without interruption

- Can sit for a total of 6-8 hours and up to one-half hour without interruption

- Needs more rest than a morning, lunch and an afternoon break at 2 hour intervals

- Can rarely or not at all climb, stoop, crouch, kneel or crawl and occasionally balance

- Can frequently perform reaching, handling, feeling and fine and gross manipulation

---

[3] Plaintiff dates the form in question as April 4, 2007, and Defendant as April 11, 2007. The handwritten date on the form could be read as the 4th or the 11th. Because the precise date does not influence the Court's analysis, the Court will simply refer to the form as the "April 2007 assessment form."

(1:09-CV-1178)

- Can occasionally perform pushing and pulling

- Environmental restrictions affected are only heights and moving machinery

- An at-will sit/stand option is needed

- Severe, as opposed to mild or moderate, pain is experienced

(Tr. 111-12.)

In his written opinion, the ALJ rendered an RFC that proclaims Mosley has the capacity to perform the full range of sedentary work while being limited in her ability to stand and to walk at least two hours, and only occasionally climbing, balancing, stooping, kneeling, crouching and crawling.  (Tr. 15.)  The ALJ cited, referenced, and discussed several physicians' opinions and other evidence in support of his RFC.  The record also contains reports (other than the April 2007 assessment form) and notes from treating source Dr. Breitenbach.  At least three times, the ALJ explicitly credited the April 2007 assessment form completed by Dr. Breitenbach in support of his RFC determination.  Twice, the ALJ wrote that Dr. Breitenbach's April 2007 assessment form found Mosley capable of performing sedentary work.  (Tr. 17 & 18.)  Additionally, the ALJ wrote that Dr. Breitenbach's opinion in the April 2007 assessment form is "given great weight" because it is consistent with and supports the RFC.  (Tr. 17 & 18.)

Mosley claims that Dr. Breitenbach's April 2007 assessment form is incompatible with the ALJ's RFC and, more generally, with the limitations of one capable of performing a full range of sedentary work.  ECF No. 14 at 5.  The Commissioner retorts that this apparent contradiction "does not constitute error [] because Dr. Breitenbach completed over a dozen functional capacity forms . . . and each of these forms were in the record for the ALJ's review."

(1:09-CV-1178)

ECF No. 17 at 9.  The Commissioner also claims that Dr. Breitenbach "only mentioned a sit/stand option and need to take [] multiple breaks in his [April 2007 assessment form], so the ALJ reasonably followed the vast majority of his assessments . . . in rejecting this limitation."  ECF No. 17 at 9.  The record belies this claim.

*Post hoc* rationalizations by the Commissioner are no substitute for what the ALJ actually wrote in support in his decision.  See *Nat'l Labor Relations Bd. v. Kentucky River Cmty. Care, Inc.*, 532 U.S. 706, 715 n.1 (2001) (counsel's *post hoc* rationalizations are not substituted for the reasons supplied by the administration); *Sparks v. Bowen*, 807 F.2d 616, 617 (7th Cir. 1986) (in Social Security review, a court must evaluate the reasons set forth by the ALJ).

Dr. Breitenbach completed many functional assessment forms.  The ALJ, however, expressly credited the April 2007 assessment form — at least three times — as support for his RFC determination.  The resultant problem is that the ALJ's RFC is <u>not</u> consistent with (*i.e.* does not accommodate) several physical limitations identified in the April 2007 assessment form.  For example, the April 2007 assessment form provides that Mosley could rarely or never climb, stoop, crouch, kneel or crawl.  (Tr. 111.)  The RFC, in contrast, proclaims that Mosley can occasionally climb, balance, stoop, kneel, crouch and crawl.  (Tr. 15.)  The RFC also fails to mention that Mosley should stand, sit or walk only up to one-half hour without interruption.  Additionally, the RFC does not provide a required a sit/stand option.[4]

Treating physicians' opinions are entitled to controlling weight under the treating

---

[4] The Commissioner incorrectly argues that Dr. Breitenbach mentioned a sit/stand option in his reports only once.  Dr. Breitenbach also stated the need for a sit/stand option at-will in another medical source statement dated July 6th; the year is illegible.  (Tr. 110A)

(1:09-CV-1178)

physician rule as long as they are (1) well supported by medically acceptable data and (2) not inconsistent with other substantial evidence of record. *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); 20 C.F.R. § 404.1527(d)(1); SSR 96-2p.  In this case, the ALJ wrote that he gave Dr. Breitenbach's opinion detailed in the April 2007 assessment form controlling or "great" weight, but failed to reflect that influence in his RFC determination.  The ALJ's failure to include (or to explain the failure to include) the above-mentioned physical limitations in his RFC is, alone, grounds for remand because the ALJ expressly claimed to have given the April 2007 assessment controlling weight and explicitly noted that assessment as support for his RFC determination.  This error is incompatible with the dictates of the treating physician rule.  As concerning is the possibility that the ALJ either misinterpreted Dr. Breitenbach's opinion or provided an incomplete RFC.  For reasons unclear to the Court, the RFC is flawed or the ALJ did not truly accord controlling weight to the treating physician's opinion and failed to adequately articulate his reasoning.  Both are reversible error.

When an error, such as an ALJ's failure to properly evaluate objective medical evidence or a claimant's limitations, occurs in the sequential analysis before the ALJ has made a residual functional capacity determination, the residual functional capacity determination must be redone.  The ALJ must reassess Mosley's residual functional capacity and the evidence upon which the RFC is based.  Therefore, a remand is necessary.

### 4. The April 2007 Assessment Form is Incompatible with a Full Range of Sedentary Work as Provided for in the ALJ's RFC

The ALJ's RFC stated that Mosley is capable "to perform a full range of sedentary work."  (Tr. 15.)  The ALJ found that Mosley had no nonexertional limitations and relied upon

-12-

(1:09-CV-1178)

Rule 201.28 of the Medical Vocational Guidelines, commonly known as the "grids," that directed a finding of not disabled. (Tr. 19.) A vocational expert did not testify at the hearing. Sedentary work is defined as:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Social Security Regulation 96-9p makes clear the criteria used to determine the work an individual can perform pursuant to an RFC that describes a full range or less than full range of sedentary work. The following examples are not exhaustive but are instructive and applicable to at least two of Dr. Breitenbach's findings that the ALJ neglected to include in the RFC that he claims is supported by Dr. Breitenbach's April 2007 assessment form.

> SSR 96-9p provides:
>
> Alternate sitting and standing: An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. *The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource* in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p at *7 (Emphasis added).

> SSR 96-9p also provides:
>
> An ability to stoop occasionally; *i.e.*, from very little up to one-third of the time, is required in most unskilled sedentary occupations. A complete inability to stoop

-13-

(1:09-CV-1178)

>would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but *restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.*

SSR 96-9p at *8 (Emphasis added).

The Sixth Circuit in *Wages v. Secretary of Health and Human Services* supports the concepts set forth in SSR 96-9p. The Sixth Circuit reasoned that "in cases of unusual ability to sit or stand, a vocational expert should be consulted to clarify the implications for the occupational base." *Wages v. Sec'y of Health & Human Servs.,* 755 F.2d 495, 499 (6th Cir. 1985); *see also Sharp v. Sec'y of Health & Human Servs.*, 9 F.3d 109, 1993 WL 456390 at *5 (6th Cir. 1993) (Table) ("we have previously determined that *Wages* prohibited only the ALJ's exclusive reliance on the grid when a sit/stand option is required"). Having found that the ALJ violated the treating physician rule and produced a flawed RFC, the ALJ's use of the grids to determine disability is not appropriate according to the holding in *Wages*.

The ALJ should solicit testimony from a vocational expert because the range of sedentary work that Mosley is capable of may be eroded by the limitations set forth in the April 2007 assessment form. This possible erosion would disallow the ALJ's exclusive reliance upon the grids. *See Wages,* 755 F.2d at 499; *Sharp*, 9 F.3d 109, 1993 WL 456390 at *5; SSR 96-9p. Remand is necessary for the ALJ to employ the expertise of a vocational expert.

### B. Mosley's Remaining Claims of Error

Mosley also claims the ALJ erred in failing to find additional severe impairments and that Mosley was disabled by pain. Because the Court is remanding this case to permit the ALJ to

(1:09-CV-1178)

re-evaluate the medical evidence of record and to formulate a new RFC, it is unnecessary to decide these issues.

## VI. Instructions upon Remand

On remand, the ALJ is hereby ordered to re-evaluate the medical evidence of record and formulate a new RFC. Specifically, the ALJ should closely review the treating physician's opinions and reconcile any discrepancies among them and the other medical evidence to determine the appropriate weight to be given the treating physician's opinion, in accordance with the Agency's Rules, Sixth Circuit law and this opinion. The ALJ shall review the medical evidence to determine and consider Mosley's impairments, both severe and non-severe, together with her testimony and all other appropriate factors. The ALJ shall then determine Mosley's new residual functional capacity in accordance with the appropriate Agency Rules and Sixth Circuit law. Without deciding whether that the ALJ erred in failing to find that Mosley was disabled by pain or suffered from additional severe impairments, the ALJ is ordered, upon remand, to review and, if necessary, address these issues when constructing the new RFC. Finally, the ALJ, in consultation with a vocational expert, shall determine whether work exists in significant numbers in the national economy for a person who has Mosley's exertional and nonexertional impairments.

(1:09-CV-1178)

### VII.  Conclusion

For the aforementioned reasons, the Court orders that the final Agency decision denying Mosley benefits be reversed and the matter remanded, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further consideration of Mosley's claims in a manner consistent with this opinion.

IT IS SO ORDERED.

  September 10, 2010                                              s/ *Benita Y. Pearson*
Date                                                                       United States Magistrate Judge