PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN MOSLEY, | ) | CASE NO. 1:09-CV-1178 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

This matter is before the Court on a Motion for Award of Attorney Fees (ECF No. 23) filed by the Plaintiff, Susan Mosley ("Mosley"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to which Michael Astrue, Commission of Social Security ("Commissioner"), has not filed an objection. Based upon review of Mosley's motion and applicable law, the Court grants Plaintiff Susan Mosely's Motion for Award of Attorney Fees, and directs that payment be made directly to Plaintiff Mosely.

**I. Background**

On May 21, 2009, Mosley sought judicial review of the Social Security Administration's final decision denying her application for a period of disability and Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. On July 20, 2009, the Commissioner answered Mosley's complaint. ECF No. 8. Mosley and the Commissioner filed Briefs on the Merits, on September, 25 2009, and December 16, 2009, respectively, thus making the matter ripe for

(1:09-CV-1178)

review. ECF No. 14; ECF No. 17.

The Court entered a Memorandum of Opinion and Order, ECF No. 21, reversing the Administration's final decision denying benefits to Mosley and remanding the matter, pursuant to the Fourth Sentence of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). The Court instructed that upon remand, the ALJ review the medical evidence to determine and consider Mosley's impairments, both severe and non-severe, together with her testimony and all other appropriate factors. The ALJ shall then determine Mosley's new residual functional capacity in accordance with the appropriate Agency Rules and Sixth Circuit law. Without deciding whether the ALJ erred in failing to find that Mosley was disabled by pain or suffered from additional severe impairments, the ALJ is ordered, upon remand, to review and, if necessary, address these issues when constructing the new RFC. Finally, the ALJ, in consultation with a vocational expert, shall determine whether work exists in significant numbers in the national economy for a person who has Mosley's exertional and nonexertional impairments. ECF No. 21.

Mosley seeks an EAJA award "in the amount of $1,962.50 pursuant to the EAJA, which is set at $125 an hour for attorney time at the court level." ECF No. 23 at 1 & 5-8.

## II. Analysis

**A. The Equal Access to Justice Act**

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances

(1:09-CV-1178)

make an award unjust.

28 U.S.C. § 2412(d)(1)(A). According to this language, eligibility for a fee award requires that: (1) the claimant be a prevailing party; (2) the government's position was not "substantially justified;" and (3) no special circumstances make an award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F. 3d 837, 840 (6th Cir. 2006) (citing *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

The threshold requirement for an award of attorney's fees is that the litigant be a "prevailing party." A "party" is any individual whose net worth did not exceed two million dollars at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). There is no dispute that Mosley's net worth was less than two million dollars at the time the underlying action was filed. Moreover, there is no dispute that Mosley became the "prevailing party" when she obtained reversal and remand for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).[1] *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *see also Massachusetts Fair Share v. Law Enforcement Assistance Admin.*, 776 F.2d 1066, 1068 (D.C. Cir. 1985) (explaining a party "prevailed" where remand established its entitlement to relief on merits of its claim). Finally, the parties do not allege that special circumstances make a fee award unjust, nor does the Court find such circumstances. The dispute centers on whether the Commissioner's position was substantially justified.

---

[1] Under the Fourth Sentence, a district court may remand for further proceedings in conjunction with "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).

(1:09-CV-1178)

### B. Attorney's Fee Award is Payable to the Litigant

Recently, the United States Supreme Court unanimously held that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing "litigant" rather than the attorney and "subject to an offset to satisfy the litigant's pre-existing debt to the Government." *Astrue v. Ratliff*, 560 U.S. ---- 130 S. Ct. 2521, 2522.  In the present matter, the parties do not allege that Mosley owes a pre-existing debt to the Government.

The Supreme Court has wisely counseled against the tradition of paying EAJA fees through an attorney even when such a financial arrangement is agreed upon by claimant and counsel.  The Court explained that "the prevailing party's attorney . . . beneficial interest or a contractual right in the fees does not alter [their] conclusion." *Id*.  The prevailing litigant's obligation to pay his attorney is controlled solely by contract law, not the EAJA.  *Id*. at 2530 (Sotomayor, J., concurring).

Accordingly, the Court grants Plaintiff Mosley's Motion for Payment of Attorney Fees in the amount of $1,962.50 to be paid directly to Plaintiff, Susan Mosely, the prevailing litigant.

IT IS SO ORDERED.

| | |
|---|---|
| November 18, 2010 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |